**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**SHONNA H. WICKENS,**

       **Plaintiff,**

-vs-                                             **Case No. 6:11-cv-1804-Orl-DAB**

**COMMISSIONER OF SOCIAL**
**SECURITY,**

       **Defendant.**

_____

**MEMORANDUM OPINION AND ORDER**

This cause came on for consideration without oral argument on review of the Commissioner's administrative decision to deny Plaintiff's application for Disability Insurance benefits under the Social Security Act. For the reasons set forth herein, the decision of the Commissioner is **AFFIRMED.**

## Procedural History

Plaintiff applied for a period of disability and disability insurance benefits, alleging that she became unable to work on September 2, 2003 (R. 142-44).[1] The agency denied Plaintiff's application initially and upon reconsideration, and she requested and received a hearing before an administrative law judge ("the ALJ"). The ALJ issued an unfavorable decision, finding Plaintiff to be not disabled (R. 37-51). The Appeals Council declined to grant review (R. 1-5), making the ALJ's decision the final decision of the Commissioner.

Plaintiff timely filed her complaint in this action, and the parties have consented to the jurisdiction of the undersigned United States Magistrate Judge. The matter has been fully briefed and the case is now ripe for review pursuant to 42 U.S.C. § 405(g).

---

[1] A prior application was denied at the initial level on December 1, 2004, and not pursued (R. 156-157).

## Nature of Claimed Disability

Plaintiff claims disability from her alleged onset to her date last insured, March 31, 2009, due to frequent migraines, neck and back pain, "wrists-car accident," and depression (R. 45, 166)

*Summary of Evidence Before the ALJ*

Plaintiff was fifty-four years of age on her date last insured (R. 142, 150), with a high school education and past relevant work experience which includes work as a ticket seller at Kennedy Space Center (R. 67, 171, 185-86).

The medical evidence relating to the pertinent time period is well detailed in the ALJ's opinion and in the interest of privacy and brevity will not be repeated here, except as necessary to address Plaintiff's objections. In addition to the medical records of the treating providers, the record includes Plaintiff's testimony and that of a Vocational Expert, written forms and reports completed by Plaintiff, and opinions from examining and non-examining consultants. By way of summary, the ALJ determined that Plaintiff had the following severe impairments: cervical strain/pain; lumbar strain/pain; status post motor vehicle accident, with preexisting early mild cervical and lumbar degenerative changes; degenerative joint disease of the lower thoracic spine; and obesity (R. 42). The record supports this uncontested finding. The ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appx. 1 (R. 44-45), and found that Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 CFR 404.1567(b) "as she is able to lift/carry 20 pounds occasionally and 10 pounds frequently, sit for 6 hours in an 8-hour workday, stand/walk for 2 hours in an 8-hour workday, and occasionally climb stairs and ramps, but never climb ladders, ropes, and scaffolds. The claimant requires an assistive device to walk, needs to alternate between sitting/standing every 30 minutes, and is able to occasionally balance, stoop, and

crouch." (R. 45). Citing the testimony of the Vocational Expert, the ALJ determined that, through the date last insured, Plaintiff was capable of performing her past relevant work as a ticket seller, and was therefore not under a disability at any time from September 2, 2003 through March 31, 2009 (R. 50-51).

## Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – *i.e.,* the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## Issues and Analysis

Plaintiff raises several issues on review, contending: 1) the ALJ failed to find Plaintiff's depression to be severe within the meaning of the second step of the sequential evaluation, and the

step two finding is not supported by substantial evidence; 2) the RFC conflicts with the definition of light work and only allows for four hours of work a day; and 3) the ALJ erred in not finding Plaintiff to be disabled under Rule 201.14 of the Medical Vocational Guidelines. The Court addresses these issues in the context of the sequential evaluation applied by the ALJ.

*The five step assessment*

The ALJ must follow five steps in evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, he is not disabled. 29 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent him from doing past relevant work, he is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering residual functional capacity, age, education, and past work) prevent him from doing other work that exists in the national economy, then he is disabled. 20 C.F.R. § 404.1520(f). The plaintiff bears the burden of persuasion through step four. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

In this case, the ALJ determined that Plaintiff could return to her past relevant work (step four). Plaintiff does not contest the ALJ's finding at the first step of the analysis (that Plaintiff did not engage in substantial gainful activity during the relevant period), but disagrees with the remaining findings at the subsequent steps.

*Identification of impairments*

Plaintiff objects to the ALJ's conclusion at step two that Plaintiff's depression was not a severe impairment. In so doing, Plaintiff argues that the ALJ "fail[ed] to address the question of whether

Plaintiff's depression was a severe impairment" (Brief at p. 14).  Notwithstanding this assertion, Plaintiff then contends that "[t]he ALJ's finding that claimant's depression was not severe is not based on substantial evidence" (*Id.,* p. 13).

The ALJ did, in fact, evaluate Plaintiff's allegations of depression (R. 43-44).  In lengthy and detailed discussion, the ALJ found that Plaintiff's "medically determinable mental impairment of depressive disorder, not otherwise specified, did not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and was therefore non-severe." (R. 43).  In so finding, the ALJ analyzed the four broad functional areas set out for evaluating mental disorders (R. 43-44), providing record support for each finding.  The ALJ also detailed and evaluated the opinions of Dr. Nancy MacKay, Psy.D., consultative examiner, and Dr. Deborah Carter, Ph.D., non-examining state agency consultant (R. 43).  As noted by the ALJ:

> The claimant's depressive disorder, not otherwise specified, was diagnosed by Dr. Nancy MacKay, Psy.D., consultative examiner, in December 2008 (Exhibit 8F). Dr. MacKay noted that the claimant had no history of outpatient psychological counseling, psychiatric hospitalization, or drug or alcohol abuse, and did not take medications; however, the claimant did have a history of significant head injury due to the car accident. During the examination, the claimant was oriented times three, speech was clear and coherent, thought processes appeared logical, and she did not have any hallucinations, delusions, or suicidal/homicidal ideations, despite an affect of holding back tears. Dr. MacKay assessed that the examination results (which were essentially unremarkable) were valid estimates of her current level of functioning.

(R. 43, citing R. 396).  The ALJ also referred to the opinion of Dr. Carter, who found that "the claimant's mental condition was mild and that the functional limitations appeared nonsevere." (R. 43, citing R. 405-418).  The ALJ noted that the medical records are "barren of any ongoing mental health treatment, including therapy or medications, or further assessment by a qualified mental health provider" (R. 43).  The ALJ detailed Plaintiff's self-described activities of daily living (R. 44), which do not reflect limitations due to mental health issues.  The finding that Plaintiff's depression was not

severe is therefore supported by substantial evidence,[2] and was made in accordance with proper legal standards.[3] As such, it will not be disturbed.

*Formulation of the RFC*

Plaintiff next contends that "the RFC set forth by the ALJ restricts Plaintiff to sedentary work" and, as such, "Rule 201.14 would lead to a finding of disabled when claimant is closely approaching advanced age (she turned 50 on 12/28/05), was a high school graduate, and the ALJ accepted the Vocational Expert's testimony that Plaintiff had no transferable skills to sedentary work." (Brief at p. 17). The Commissioner disputes this contention, noting that the ALJ found Plaintiff to be limited to a reduced range of light work, not sedentary work, and Rule 201.14, therefore, does not apply.

Plaintiff contends that the ALJ's finding that Plaintiff could stand/walk for only 2 hours in an 8-hour workday means that Plaintiff had the RFC for sedentary, not light, work. As pointed out by the Commissioner, however, the ALJ also found that Plaintiff could lift or carry twenty pounds occasionally and ten pounds frequently, which is consistent with light work. See 20 C.F.R. § 404.1567(a) and (b).[4] Since the lifting and carrying limitations exceeded those found in sedentary

---

[2] Plaintiff asserts that the ALJ erred in relying on the opinion of Dr. Carter as "[t]he Eleventh Circuit has long held that the opinion of a nonexamining reviewing physician is entitled to little weight and, taken alone, does not constitute substantial evidence to support an administrative decision," citing *Swindle v. Sullivan*, 914 F.2d 222, 226 n.3 (11th Cir. 1990). As detailed above, the ALJ did not rely solely on Dr. Carter's analysis. Rather, the ALJ detailed the lack of any treatment for the alleged depression, the essentially unremarkable consultative examination and opinion of the consultative examiner, as well as Plaintiff's own reports of daily activities, to conclude that any such impairment was non-severe.

[3] Plaintiff raises (but does not develop) other objections to the ALJ's treatment of her allegations of depression. For example, Plaintiff contends that the ALJ failed to consider the impact of her mental health limitations in the subsequent steps of the analysis, yet she fails to identify any functional limitation of her depression on her ability to work. Similarly, Plaintiff argues that she should not be penalized for her lack of treatment because she had no insurance and "poverty excuses compliance." The issue here, however, was not non-compliance with recommended treatment but a failure to even *seek* treatment by raising mental health issues to any provider or health department or clinic. Moreover, although Plaintiff cites to complaints about depression that she noted in her forms and reports, this is no more than an invitation to reweigh the evidence. As noted above, where the Commissioner's decision is supported, as it is here, by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).

[4] "(a) Sedentary work. Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.
(b) Light work. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of

work, the Court agrees with the Commissioner that the ALJ's RFC finding is properly characterized as a range of light work. No error is shown at this step.

*Ability to work full time*

Plaintiff's last contention is that the ALJ's determination as to her RFC necessarily limits her to part time work and, as such, she should be considered disabled. As Plaintiff sees it:

> The ALJ found that Plaintiff had the residual functional capacity to sit for 6 hours in an 8-hour workday. R 45. The ALJ also found that Plaintiff could stand/walk for only 2 hours in an 8-hour workday. R 45. Finally, the ALJ found that Plaintiff needs to alternate between sitting/standing every 30 minutes. R 45. Under this RFC assigned by the ALJ, the Plaintiff can only work 4 hours in an 8-hour workday. Otherwise, Plaintiff would be unable to alternate between sitting/standing every 30 minutes. If he [sic] worked more hours in a day, he [sic] would exceed his standing/walking restriction.

(Brief p. 16).

Plaintiff's argument appears to be premised on an interpretation of the RFC that would require Plaintiff to remain sitting and standing for precise thirty-minute increments each. The Court rejects this interpretation as unsupported by any evidence and as inconsistent with the ALJ's own interpretation of his findings and the record.

In his decision, the ALJ gave great weight to the opinion of examining physician Daniel Kan, who opined that Plaintiff "may be able to stand and walk for 2 hours in an 8-hour period *with breaks*, and sit up to 4-6 hours in an 8-hour period *with breaks* (Exhibit 7F)." (R. 50, 394-emphasis added). The ALJ found this assessment, which did *not* include a requirement that Plaintiff stand for thirty minutes and then sit for thirty minutes, to be "consistent with the RFC" (R. 50). As pointed out by the Commissioner, the ALJ also gave some weight to the opinion of Plaintiff's chiropractor, Sheldon

---

objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 CFR § 404.1567.

M. Hoxie, that Plaintiff could walk no more than ten minutes at a time, stand no more than fifteen minutes at a time, and sit no more than thirty minutes at a time, but Plaintiff could work if she could sit and stand alternatively (R. 49, 232). Hoxie did not include a requirement that Plaintiff stand for thirty minutes and then sit for thirty minutes. Further, in response to questioning by the ALJ at hearing, the Vocational Expert testified that Plaintiff could perform her past relevant work as a ticket seller as that job could be performed with a sit/stand option (R. 83). This testimony was noted and accepted by the ALJ (R. 51). The VE did not include a limitation that Plaintiff sit for thirty minutes and then stand for thirty minutes.

The RFC formulated by the ALJ allows Plaintiff to frequently alternate her position, but there is nothing that requires her to stay in the new position for a period of no less than thirty minutes. Indeed, the RFC expressly recognizes not only the ability to sit and stand/walk, but the ability to occasionally stoop and crouch; a limitation that would be superfluous if rigid intervals of only sitting and standing were imposed.

The RFC is adequately supported by substantial evidence and the ALJ's conclusion that the RFC did not preclude a return to past relevant work was made in accordance with proper legal standards and is also adequately supported. As the only issue before the Court is whether the decision by the Commissioner is adequately supported by the evidence and was made in accordance with proper legal standards, and the Court finds that to be the case, the administrative decision will not be disturbed.

## Conclusion

For the reasons set forth above, the administrative decision is **AFFIRMED.**  The Clerk is directed to enter judgment accordingly, terminate all pending matters, and close the file.

**DONE** and **ORDERED** in Orlando, Florida on February 4, 2013.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record